UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRAKASH & POORNIMA RIKHILAL, | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO: 3:23-cv-00214 |
| | § | |
| MERIDIAN SECURITY INSURANCE, | § | JURY DEMANDED |
| COMPANY | § | |
| Defendant. | § | |

### DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Meridian Security Insurance Company ("Defendant" or "Meridian"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.   NATURE OF THE SUIT

1. This lawsuit arises from an insurance claim made by Prakash and Poornima Rikhilal ("Plaintiffs") under insurance policy number 1001123589 issued by Meridian Security Insurance Company to Prakash and Poornima Rikhilal for policy period from April 22, 2021 to April 22, 2022, subject to all terms and conditions therein and all endorsements attached thereto (the "Policy"). Plaintiffs' claim was reported on or about April 8, 2022 (the "Claim"). Plaintiffs allege generally that Meridian improperly investigated the Claim, misrepresented the terms of coverage of the Policy, and wrongfully denied the Claim. *See generally* **Exhibit I** (Plaintiffs' First Amended Petition). Plaintiffs filed this lawsuit alleging breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, and seeks statutory damages, exemplary damages, and attorney's fees.

## II.     PROCEDURAL BACKGROUND

2. On December 8, 2022, Plaintiffs filed their Original Petition initiating an action in the 134th Judicial District Court of Dallas County, Texas, bearing Cause No. DC-22-16832 ("State Court Action"). *See* **Exhibit K.** Plaintiffs filed their First Amended Petition on January 17, 2023. A jury demand was made in the State Court Action.

3. Meridian was served with Citation on December 28, 2022.

4. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days of service on Defendant.

## III.     BASIS FOR REMOVAL

5. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Meridian pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.     Complete Diversity of Citizenship Exists Between the Properly Joined Parties.**

6. **Plaintiffs are Texas citizens**. Plaintiffs are citizens of the State of Texas. See **Exhibit I**, at ¶ 2 and 3.

7. **Meridian is not a Texas citizen**. Defendant Meridian Security Insurance Company is a foreign corporation organized under the laws of the State of Indiana with its principal place of business located at 12900 N Meridian St., Carmel, IN 46032. Therefore, complete diversity of citizenship exists among Plaintiffs and Meridian.

8. For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place

of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, Meridian is a citizen of the State of Indiana for the purposes of establishing citizenship under 28 U.S.C. § 1332(c).

9. Thus, complete diversity of citizenship exists among the properly joined Parties in this action as the Plaintiffs are citizens of Texas and Meridian is a citizen of Indiana.

**B.     The Amount in Controversy Requirement is Satisfied**

10. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

11. Here, the Plaintiffs' First Amended Petition states, the Plaintiffs are seeking "monetary relief of over $250,000 but not more than $1,000,000." *See* **Exhibit I** at ¶ 60. This range exceeds $75,000.00 and satisfies the amount in controversy requirement.

**C.     Other Matters**

12. Removal to the Northern District of Texas, Dallas Division is proper because the State Court Action is pending in Dallas County, Texas, which is part of the Northern District.

13. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant attaches to this Notice of Removal: (a) index of all documents that identifies each document and indicates the date the document was filed in stated court, (b) a civil cover sheet and copy of the state court docket sheet, (c) a copy of all pleadings that assert causes of action; all answers to such pleadings and a copy of all process and orders served upon the party removing the case. **See attached Appendix.**

14. Defendant will separately file any Corporate Disclosure which may be required after filing this Notice in compliance with FED. R. CIV. P. 7.1.

15. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV.    CONCLUSION AND PRAYER

16. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiffs are citizens of Texas and Meridian is a citizen of Indiana. For the reasons stated in this Notice, the parties are completely diverse, and the Court may exercise diversity jurisdiction over this lawsuit. The amount in controversy, based on the face of the Plaintiffs' First Amended Petition, exceeds $75,000.00, exclusive of interest and costs. As such, this Court has subject matter jurisdiction over this action and this removal is proper under 28 U.S.C. § 1441. On these grounds, Meridian hereby removes the referenced State Court Action to this Court.

17. Defendant demands a jury in this removed action.

18. THEREFORE, Defendant Meridian Security Insurance Company, respectfully requests that the above-entitled action be removed from the 134th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

        Respectfully submitted,

        */s/Sheryl Kao*_____
        Sheryl Kao
        State Bar No. 24036874
        Email: kao@mdjwlaw.com
        MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.
        9111 Cypress Waters Blvd., Suite 250
        Dallas, Texas 75019
        Telephone: (214) 420-5500
        Facsimile: (214) 420-5501

        Christopher W. Martin
        State Bar No: 13057620
        Email: martin@mdjwlaw.com
        MARTIN, DISIERE, JEFFERSON & WISDOM L.L.P.
        Niels Esperson Building
        808 Travis, Suite 1100
        Houston, Texas 77002
        Telephone: (713) 632-1701
        Facsimile: (713) 222-0101

        **ATTORNEYS FOR DEFENDANT**
        **MERIDIAN SECURITY INSURANCE**
        **COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Federal Rules of Civil Procedure on January 27, 2023.

    Chad Wilson
    Joseph Milensky
    Chad T. Wilson Law Firm, PLLC
    455 E. Medical Center Blvd, Suite 555
    Webster, Texas 77598

        */s/Sheryl Kao*_____
        Sheryl Kao